UNITED STATES DISTRICT COURT
WESTERN DISCTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>v.<br>WAYLAN GRAVES,<br>Defendant | NO.  CR 23-5287 DGE<br><br>Defendant Graves' Motion to Reopen Detention and For Release on Bond<br><br>Noting Date:  November 3, 2023 |

**Motion**

Waylan Graves moves to reopen the issue of detention.  He seeks release on bond with appropriate conditions.

**Facts**

The 10/11/23 Indictment charges Mr. Graves with two sets of nearly identical drug/gun related charges in June 2023 and September 2023.  In both instances, the Government alleges that he possessed controlled substances (including methamphetamine, fentanyl, etc.) with intent to distribute, and possessed a firearm in furtherance of the same.  See 18 USC 841(b)(1)(A-C) and 18 USC 924(c). The drug counts carry a mandatory 10-year term (Count I), or lesser mandatory term (5 years

1

Motion to Reopen Detention/Release on Bond

PHIL BRENNAN, Esq.
P.O. Box 20432
Seattle, WA 98102
(206) 372-5881

1  for Count III) and the firearm counts carry a mandatory consecutive term of 5 years
2  (Counts II and IV).
3   The Government moved for detention, on the grounds that Mr. Graves is a
4  flight risk and danger to the public.  It invoked the rebuttable presumption of
5  detention based on the nature of the alleged crimes.  See 18 USC 3142(e)(3).  At his
6  arraignment on 10/12/23, Mr. Graves stipulated to detention without prejudice
7  because his attorney (Mr. Brennan) had insufficient time to confirm a suitable
8  address for him to be released to.  We have since found a suitable address and
9  relayed the contact for the same to USPO Gjefle.  This Court entered a detention
10 order without prejudice, based on Mr. Graves stipulation and the Government's
11 reasons as set forth in its motion.  See Docket 12.
12  USPO Gjefle prepared an initial Pretrial Services Report prior to the Court
13 hearing and before he had interviewed Mr. Graves (he interviewed Mr. Graves after
14 Court that same day).  Items of note include the following:
15  *At the time of Mr. Graves 9/23 arrest, he was on bond for alleged drug
16 trafficking/firearm possession stemming from his 6/23 state case;
17  *at the time of his 9/23 arrest, he allegedly was living in a stolen camper
18 trailer on a known drug compound (see USPS report p. 2);
19  *his criminal history dates to 1990 and includes convictions for assault,
20 forgery, burglary, and controlled substance offenses.  This history includes numerous

2

Motion to Reopen Detention/Release on Bond    PHIL BRENNAN, Esq.
P.O. Box 20432
Seattle, WA 98102
(206) 372-5881

warrants for court matters where he allegedly failed to appear, including an active warrant (see USPS report, p. 9).

**Our Proposal for Release**

We propose that Mr. Graves live at a Centralia residence inhabited by his friend of 4+ decades, Ms. Burkhart, whom Mr. Brennan interviewed on 10/23/23. Ms. Burkhart lives with her elderly mother and her brother who is in his 40's. There are no firearms in the house. Ms. Burkhart is eager to help Mr. Graves and will not tolerate drug use or criminal behavior. She notes that there is a treatment facility down the road from her house and she will help Mr. Graves enroll, obtain health insurance, find a job, and have stability in his life. She has also offered to contact Mr. Graves' USPO if he disappears and/or is in violation of the terms of his bond. We further propose GPS monitoring, drug treatment, and regular UA testing.

**Discussion**

**A.     The Issue of Detention Should be Reopened.**

Title 18 U.S.C. § 3142(f)(2)(B) allows the Court to reopen a detention hearing "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." Id. Id.  In the instant case, we present new information with regard to a specific

1  proposed release address – the home of Ms. Burkhart.  This information was not

2  available to the defense at the arraignment as we had not communicated with Ms.

3  Burkhart to confirm that she was willing/had a suitable home for Mr. Graves to live.

4  We have since done so, making this matter ripe for resolution.

### B.     The Bail Reform Act of 1984 Generally

When considering whether to detain an individual prior to trial, one must remember that "liberty is the norm, and detention prior to trial is a carefully limited exception." US v. Salerno, 481 U.S. 739, 755 (1987). The Bail Reform Act of 1984, 18 U.S.C. 3141-3151, favors pretrial release over detention. See Federal Procedure, Lawyers Ed. Chapt. 22:1804. "Pretrial detention was intended to be limited to the small, identifiable group of particularly dangerous offenders who pose an especially grave risk to the safety of the community." Id.

The Bail Reform Act offers the Court 4 choices: (1) release on personal recognizance; (2) release with conditions; (3) temporary detention pending revocation of conditional release, deportation, or exclusion; or (4) detention. 18 USC 3142(a). As set forth in 18 U.S.C. 3142(b) and (c), the pretrial release of an individual either by bond or by a set of conditions shall occur unless the court determines that "such release will not reasonably assure the appearance of the person…" or will "endanger the safety of the person or the community. Id. "The wide range of conditions which may be imposed when ordering pretrial release

Motion to Reopen Detention/Release on Bond                              PHIL BRENNAN, Esq.
                                                                        P.O. Box 20432
                                                                        Seattle, WA 98102
                                                                        (206) 372-5881

ensures that very few defendants will be subject to pretrial detention." See Federal Procedure, Lawyers Ed. Chapt. 22, sect. 1804. "Doubts regarding the propriety of release are to be resolved in favor of the defendant." Id. at sect. 1804.

In order for the defendant to be detained, the government must show that the defendant (1) is a danger to the community, based on clear and convincing evidence, or that he (2) poses a flight risk, based on a preponderance of the evidence. 18 USC 3142(e-g); US v. Jackson, 823 F.2d 4, 5 (2nd Cir. 1987). Further, the government must show that no combination of conditions may be satisfied to alleviate these risks. See 18 USC 3142(f); US v. Windsor, 785 F.2d 755 (9th Cir. 1986).

Title 18 U.S.C. 3142(e)(3)(A) and (B) creates a rebuttable presumption for detention because Mr. Graves is charged with qualifying offenses.   The defendant faces a burden of production to present some evidence that he is neither a flight risk nor a danger.  This burden "is not a heavy one to meet." See Federal Procedure, Lawyers Ed. Sect 22:1855; 1858. The ultimate burden of persuasion remains with the Government, and it cannot merely point to the rebuttable presumption to make its case. Id. at sect. 22:1858 (citing U.S. v. Stricklin, 932 F.2d 1353 (10th Cir. 1991); U.S. v. Volksen, 766 F.2d 190 (5th Cir. 1985).

**C.  Mr. Graves Should Be Released with Conditions.**

We recognize the concerns the Court, the Government and Probation have about release.  The USPS report reveals Mr. Graves has a history of failing to appear

5

in court, as well as the more alarming allegation of being on bond for the 6/23 incident only to be re-arrested 3 months later for the same alleged conduct.  We further recognize Probation's concern about risk of nonappearance (unknown community ties, active warrant), danger (based on nature of the charges) and lack of conditions that can address these concerns.  See USPO Report p. 9.

The Bail Reform Act, however, offers tools to overcome these concerns.  Indeed, section 3142(c)(1)(B) offers 14 examples of restrictions the Court may impose when releasing an individual.  Our proposal incorporates many of them.  As to Probation's concerns about the nature of the allegations, Mr. Graves is presumed innocent.  See 18 USC 3142(j); US v. Motamedi, 767 F.2d 1403, 1408 (9th Cir. 1985) ("[T]he weight of the evidence is the least important of the various factors" under 18 USC 3142(g)).

There are conditions that may be imposed to ensure he is not a flight risk/danger, starting with stable housing as offered by Ms. Burkhart.  She does not live in a drug compound (in contrast to the different residence referenced in the USPS report p. 2 vis a vis his 9/23 arrest) and advises Mr. Brennan she will tolerate no illegal behavior/drug use at her home.  Indeed, while she has a drug conviction from roughly 20 years ago, she is a role model for Mr. Graves and illustrates how one can turn life around and thrive.  Probation's concerns about Mr. Graves' unknown community ties (USPS report p. 9) are satisfied given his close friendship

with Ms. Burkart (as well as other ties referenced in his post-arraignment interview with USPO Gjefle). Further conditions, such as GPS monitoring (and active involvement with his attorneys) will ensure Mr. Graves does not miss any court appearances in this case. As to his pending warrant, a condition of release can include an instruction to appear in court for that warrant.   Finally, drug treatment/UA testing will ensure Mr. Graves remains sober, which seems to be the critical part of his remaining compliant with his bond and being crime free.

## Conclusion

We are able to overcome the presumption of detention and the concerning aspects of the USPS report by proposing release with rigorous conditions.  This result furthers the Bail Reform Act's goal of pretrial release for defendants presumed to be innocent.

Respectfully submitted this date.

By: /s/Phil Brennan*_____
Phil Brennan
Natalie Findley-Wolf
Attorneys for Mr. Graves; Date:  10/24/23

Certificate of Delivery
On this date I emailed a copy of this motion to USPO Gjefle

Motion to Reopen Detention/Release on Bond

PHIL BRENNAN, Esq.
P.O. Box 20432
Seattle, WA 98102
(206) 372-5881