UNITED STATES DISTRICT COURT
WESTERN DISCTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>v.<br>WAYLAN GRAVES,<br>Defendant | NO.  CR 23-5287 DGE<br><br>Defendant Graves' Unopposed Motion to Continue Trial and PTM Deadline<br><br>Noting Date:  October 31, 2023 |

**Motion**

Waylan Graves moves the Court to continue the trial in this case to sometime on or before June 30, 2024 and adjust the Pretrial Motions Deadline accordingly. This motion is Mr. Graves first request to continue.  Mr. Brennan shared this motion with AUSA Conzatti prior to filing and she advised the Government has no opposition to the same.

**Facts**

The 10/11/23 Indictment charges Mr. Graves with two sets of nearly identical drug/gun related charges in June 2023 and September 2023.  In both instances, the Government alleges that he possessed controlled substances (including

methamphetamine, fentanyl, etc.) with intent to distribute, and possessed a firearm in furtherance of the same.  See 18 USC 841(b)(1)(A-C) and 18 USC 924(c).  The Government maintains that the drug counts carry a mandatory 10-year term (Count I), and a mandatory 5-year term (Count III) and the firearm counts carry a mandatory consecutive term of 5 years (Counts II and IV).  The Government moved for detention and on 10/30/23 United States Magistrate Fricke held a hearing and detained Mr. Graves.  The current trial date is December 11, 2023.

The Government advises that it will be producing discovery shortly, some of which will be subject to a Protective Order.  The Government also advises that this case may be related to a number of other cases and that the discovery will include not only Mr. Graves case but also these other cases.  The evidence will include wiretaps, as well as police reports, etc.

**Discussion**

The Speedy Trial Act provides that trial is to commence within 70 days from the filing date (and making public) of the indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.  18 U.S.C. § 3161(c)(1).  This clock is paused (and the time excluded), however, if the Court grants a request by the Defendant to continue the trial and finds that the ends of justice will be served by taking such action and outweigh the best interest of the public and the defendant in a speedy trial.  Before

reaching this conclusion, the Court must articulate the reasons for doing so.  18 U.S.C. § 3161(h)(7)(A).  Factors to consider include whether the failure to grant such a continuance would result in a miscarriage of justice, whether the failure to grant the continuance would deny counsel for the defendant the reasonable time necessary for effective preparation, and whether the defendant has demonstrated due diligence in preparing his defense.  18 U.S.C. § 3161(h)(7)(B)(i) and (iv).

In the instant case, each of these situations applies.  Defense counsel needs more time to meet with Mr. Graves and review the discovery with him once it has been produced.  This is especially true since it includes protected material that will take greater time to review given the restrictions on the same.  This case includes two separate incidents joined into one case, indicating that a review of the discovery may take longer than the typical case.  Moreover, it includes discovery from related cases, as well as wiretap material, which will take considerable time to review.  Finally, Mr. Graves faces considerable prison time if convicted in this case and feels he needs more time to consider his options/strategies.

Accordingly, Mr. Graves asks the Court to continue his trial and adjust the pretrial motions deadline accordingly.   Respectfully submitted this date.

By: /s/Phil Brennan_____
Phil Brennan
Natalie Findley-Wolf
Attorneys for Mr. Graves; Date:  10/31/23

3

Motion to Continue Trial and PTM Deadline

PHIL BRENNAN, Esq.
P.O. Box 20432
Seattle, WA 98102
(206) 372-5881