The Hon. David G. Estudillo

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | NO. CR23-5287 DGE |
|---|---|
| Plaintiff, | STIPULATED MOTION FOR ENTRY OF PROTECTIVE ORDER |
| v. | |
| WAYLAN GRAVES, | NOTE ON MOTION CALENDAR: November 2, 2023 |
| Defendant. | |

The United States of America, by and through Tessa M. Gorman, Acting United States Attorney for the Western District of Washington, and Casey Conzatti, Assistant United States Attorneys for said District, and the undersigned Defendant, Waylan Graves (defense counsel Phil Brennan), hereby stipulate and agree as follows:

1.  Defendant is currently charged in this matter with narcotics and firearms crimes.

2.  The government anticipates that pursuant to its obligations under Federal Rule of Criminal Procedure 16, Local CrR 16, the Jencks Act, 18 U.S.C. § 3500, *Brady*, and *Giglio*, it will be required to produce discovery consisting of sensitive materials that

Stipulation for Entry of Protective Order - 1
*U.S. v. Graves;* CR23-5287 DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

disclose personal identifying information ("PII")[1] obtained during the investigation, including but not limited to personal information about witnesses, victims, and third parties, and other sensitive information obtained during the investigation (collectively, the "Protected Material").

3. This Stipulation is submitted for the purpose of ensuring that the Protected Material contained in the discovery in this case is not disseminated to anyone other than counsel and the members of counsels' litigation team, and under certain circumstances, Defendants.

4. Under the terms of the proposed Order, Defendant's counsel will be provided with discovery, including the "Protected Material."

5. Any Grand Jury transcripts provided during discovery will be considered Protected Material without further designation by the government.

6. Other information believed by the government to be Protected Material will be so designated by the government. Said material may include, but is not limited to, information related to the victim, witnesses, and third parties, criminal history reports, and related *Giglio* impeachment materials.

7. Possession of the Protected Material is limited to defense counsel, as well as defense counsels' investigators, paralegals, assistants, law clerks, and experts (hereinafter collectively referred to as "members of the defense team").

8. Members of the defense team may not provide copies of the Protected Material to other persons, including to the Defendant. In addition, defense counsel is required to provide a copy of this Protective Order to members of the defense team, and obtain their agreement to be bound by the terms and conditions of this Protective Order.

---

[1] "PII" includes, but is not necessarily limited to, the information identified in Fed. R. Crim. P. 49.1(a) and includes full names, dates of birth, Social Security numbers (or other identification information), financial account information (including account numbers), tax information, driver's license numbers, addresses, telephone numbers, locations of residences or employment, medical records, school records, juvenile criminal records, and other confidential information. The government has endeavored to redact PII as appropriate, but the parties acknowledge and agree that this will not always be possible, and that in some instances un-redacted PII may be necessary to the defense.

Stipulation for Entry of Protective Order - 2
U.S. v. Graves; CR23-5287 DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

9. When a Defendant is held at the Federal Detention Center (FDC), they will be permitted to review the Protected Material, consistent with the regulations established by the BOP for review of Protected Material, with or without his counsel in a controlled environment at the Federal Detention Center (FDC), but will be prohibited from printing out, copying, or disseminating the material. If a Defendant is on pretrial release, they will be permitted to review the Protected Material at the offices of his counsel, or via a video conference call, but will be prohibited from printing out, copying, or disseminating the discovery.

10. Nothing in this Stipulation shall prevent any party from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper. In the event that defense counsel believes that the government has incorrectly designated material as Protected Material, said counsel will first confer with the government to attempt to resolve the issue. If the parties are unable to resolve the dispute, counsel is free to raise the issue with the Court by way of a motion.

11. Upon agreement of counsel for the government, members of a defense team may provide copies of specific Protected Material, or redacted versions of such material, to a Defendant. When seeking the government's agreement to give such a copy to a Defendant, members of the defense team will identify with reasonable particularity, including (where available) the specific bates numbered pages and or recording descriptions, the specific material defense counsel proposes to give to a Defendant. Unless expressly stated otherwise by the government, copies of Protected Material to be provided to a Defendant will continue to be Protected Material subject to all of the protections of the Court's Order, with the sole exception that a copy can be given only to a Defendant (and not shared with anyone else outside the defense team). If counsel for the government and counsel for a Defendant cannot reach agreement on whether particular portions of the Protected Material or redacted versions of Protected Material should be given to a Defendant under these conditions, defense counsel may raise the issue with the Court by way of a motion.

Stipulation for Entry of Protective Order - 3
*U.S. v. Graves;* CR23-5287 DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

12. Nothing in this Stipulation shall be deemed to require the government to provide particular discovery at a time or in a fashion inconsistent with applicable law. The failure to designate any materials as Protected Materials shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

13. The parties respectfully request that the Court issue the proposed Protective Order.

Respectfully submitted this 2nd day of November, 2023.

TESSA M. GORMAN
Acting United States Attorney

*s/ Casey Conzatti*
CASEY CONZATTI
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: 206-553-4254
E-mail: casey.conzatti@usdoj.gov

SO STIPULATED this 2nd day of November, 2023 (via email authorization).

*s/ Phil Brennan*
PHIL BRENNAN
Attorney for Waylan Graves

Stipulation for Entry of Protective Order - 4
U.S. v. Graves; CR23-5287 DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970